| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | JS-6 |

### CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.   **CV 25-4277-JFW(ASx)** | Date:  July 17, 2025 |

Title:   Daisy Razo -v- McLane Suneast Inc., et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND TO LOS ANGELES SUPERIOR COURT [filed 6/23/25; Docket No. 39];**

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT McLANE/SUNEAST, INC.'S MOTION TO DISMISS AND/OR STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f) [filed 6/18/25; Docket No. 33]; and**

**ORDERING DENYING WITHOUT PREJUDICE DEFENDANT McLANE COMPANY, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2) FOR LACK OF PERSONAL JURISDICTION [filed 6/23/25; Docket No. 38]**

On June 23, 2025, Plaintiff Daisy Razo ("Plaintiff") filed a Motion for Remand to Los Angeles Superior Court ("Motion to Remand").  On June 30, 2025, Defendants McLane/Suneast, Inc. and McLane Company, Inc. (collectively, the "McLane Defendants") filed their Opposition.  On July 7, 2025, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for July 21, 2025, is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    Factual and Procedural Background**

    **A.    Factual Background**

The McLane Defendants are one of the largest domestic distributors, serving convenience stores, mass merchants, and chain restaurants. The McLane Defendants have more than eighty distribution centers across the United States, and have more than 25,000 employees. In 2011, Plaintiff began working for the McLane Defendants in the inventory department of the San Bernardino distribution center, and then worked in the receiving department of the same distribution center from 2014 until she was terminated on August 31, 2021. During Plaintiff's employment, Defendant Alicia Hutchinson ("Hutchinson") was a human resources manager for the McLane Defendants, and Defendant Gail Gonzales ("Gonzales") was Plaintiff's supervisor. According to Plaintiff, she started experiencing pain in her back and hips in the spring of 2020, which she believed was related to the repetitive and physical nature of her work. On May 12, 2021, Plaintiff was placed on leave for industrial orthopedic injuries to her hip and back. Although her leave was initially scheduled to end on July 12, 2021, it was extended until October 12, 2021. Plaintiff alleges that she, along with her medical providers, kept the McLane Defendants, Hutchinson, and Gonzales (collectively, "Defendants") apprised of her medical condition throughout her leave period. Plaintiff also alleges that Defendants constantly harassed and pressured her in May, June, July, and August of 2021 to return to work regardless of her medical condition or status of her disability, and that the harassment and pressure included threatening her employment. In September 2021, Plaintiff received a letter from Defendants stating that her employment had been terminated effective August 31, 2021. According to Plaintiff, she was told that her termination was specifically due to her disability and requests for accommodations. After her termination, Plaintiff sought to return to her employment for the McLane Defendants, and expressed her willingness to work at any of the McLane Defendants' locations in Riverside, Orange, San Bernardino, or Los Angeles Counties, and to work in any position for which she was qualified. Plaintiff alleges that her requests to be rehired were summarily denied with no explanation.

    **B.    Procedural Background**

On November 10, 2021, Plaintiff filed a workers' compensation action, which was concluded by the entry of the Workers' Compensation Appeals Board's closing order on May 3, 2022. On August 31, 2024, Plaintiff filed a Complaint of Discrimination with the California Civil Rights Department against Defendants. Plaintiff was granted an immediate right-to-sue letter on August 31, 2024.

On April 8, 2025, Plaintiff filed a Complaint in Los Angeles Superior Court against the Defendants, alleging causes of action under state law for: (1) employment discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), California Government Code § 12940(a); (2) failure to provide reasonable accommodation in violation of FEHA, California Government Code § 12940(m); (3) failure to engage in a timely and good faith interactive process in violation of FEHA, California Government Code § 12940(n); (4) harassment in violation of FEHA, California Government Code § 12940(j); (5) retaliation in violation of FEHA, California Government Code § 12940(h) and (m) and § 12945.2; (6) failure to prevent/remedy discrimination, harassment, and/or retaliation in violation of FEHA, California Government Code § 12940(k); and (7) failure to

hire on the basis of protected class or status in violation of FEHA, California Government Code § 12900.  All seven causes of action are alleged against the McLane Defendants.  The fourth cause of action for harassment in violation of FEHA is also alleged against Hutchinson and Gonzales (collectively, the "Individual Defendants").

On May 16, 2025, the McLane Defendants removed this action to this Court, alleging that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), diversity.

## II.     Legal Standard

A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## III.    Discussion

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.  In this case, it is undisputed that both Plaintiff and the Individual Defendants are citizens of California.  However, the McLane Defendants argue that the Individual Defendants have been fraudulently joined, and, as a result, their presence in this action should be ignored. "Although an action may be removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted).  If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added).  If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity.  *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  Indeed, "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).  A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the in state defendant.  *See Plute*, 141 F. Supp. 2d at 1008.  "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so."

*Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added).  "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)).  Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand.  *See id.*

    The Court concludes that the McLane Defendants have not carried their burden of demonstrating fraudulent joinder.  The McLane Defendants contend that the Individual Defendants have been fraudulently joined because Plaintiff has failed to state a claim for harassment against them and that the claim for harassment is also time-barred.  However, the McLane Defendants' arguments are not sufficient to support removal on the basis of fraudulent joinder.

    Under FEHA, it is unlawful for an employer or an individual employee to harass another employee based on her medical condition or disability.  Cal. Gov't Code § 12940(j). "[H]arassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 707 (2009) (citations and internal quotation marks omitted).  Harassment is "generally concerned with the message conveyed to an employee, and therefore with the social environment of the workplace, whereas discrimination is concerned with explicit changes in the terms or conditions of employment." *Id.*  "[C]ommonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment." *Reno v. Baird*, 18 Cal. 4th 640, 646-47 1998).  Personnel management conduct, however, may evidence harassment if it has the "secondary effect of communicating a hostile message." *Roby*, 47 Cal. 4th at 708-09.  Unlike a discrimination claim, for which only an employer may be liable, an individual employee may be liable for workplace harassment (in addition to the employer)." *Ramirez v. Speltz*, 2015 WL 5882065, at *3 (N.D. Cal. Oct, 8, 2015).

    For harassment to be actionable, "it must be sufficiently severe or pervasive 'to alter the conditions of the victim's employment and create an abusive working environment.'" *Aguilar v. Avis Rent A Car Sys.*, Inc., 21 Cal. 4th 121, 130 (1999) (*quoting Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 67 (1986)). However, "[i]n 2019, the California Legislature clarified that '[a] single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile work environment if the harassing conduct has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive environment.'" *Vazquez v. Costco Wholesale Corp.*, 2021 WL 1784342, at *3 (C.D. Cal. May 5, 2021 (quoting Cal. Gov't Code § 12923(b)).

    The Court cannot conclude, as a matter of law, that Plaintiff cannot state a claim for harassment against the Individual Defendants.  *See, e.g.,* Notice of Removal, ¶ 19 (acknowledging that "individual defendants *may* be held liable for claims of harassment") (emphasis in the original).  In her Complaint, Plaintiff alleges conduct that suggests that the Individual Defendants may have harassed Plaintiff based on her medical condition and disability, including "constantly question[ing]

the veracity of her leave, making harassing comments about Plaintiff's leave and need for accommodations." Complaint, ¶ 54. Plaintiff also alleges that "[t]he harassment consisted of constant berating and questioning of Plaintiff's disabilities despite knowing she was on a legitimate leave for a disability." *Id.* It is unnecessary for the Court to determine whether these allegations state a claim for harassment on a motion for remand. As the court stated in *Stanbrough v. Georgia-Pacific Gypsum LLC*, 2009 WL 137036 (C.D. Cal. Jan. 20, 2009):

> But even if the Court presumes for purposes of discussion that the complaint does not allege sufficient facts to meet this requirement [of pervasive harassment] as to [the supervisor], Defendants have failed to demonstrate fraudulent joinder. . . . Defendants must demonstrate that Plaintiffs could not possibly state a claim against [the supervisor] in state court. Even if the allegations in Plaintiffs' complaint are insufficient to withstand a demurrer in state court, an issue as to which the Court offers no opinion, Defendants have not sufficiently established that Plaintiffs could not amend their complaint and add additional allegations to correct any deficiencies. In other words, the complaint's shortcomings, if any, are strictly factual; Plaintiffs clearly may pursue a cause of action for harassment against [the supervisor] under section 12940(j)(3) of the California Government Code if they can allege sufficient facts.

*Id.* at *2. Indeed, even if Plaintiff's Complaint fails to allege sufficient facts to plead a viable harassment claim against the Individual Defendants, the McLane Defendants have failed to show that Plaintiff will be unable to amend her Complaint to add allegations or facts supporting her claims. Similarly, the McLane Defendants' argument regarding whether Plaintiff's harassment claim is time-barred involves "questions of fact that are not properly resolved at the motion to remand stage, which considers only the jurisdictional question." *Guilford v. APM Terminals Pacific LLC*, 2024 WL 4416816 (C.D. Cal. Sept. 30, 2024) (where "Defendants contend that the alleged conduct is time-barred, does not meet the legal definition of harassment, and is does not rise to a level that is actionable as a matter of law," the Court concluded that "Defendants' arguments pertain to sufficiency of the harassment claim, rather than to its 'possible viability,' and thus the Court cannot conclude that Ortiz is a sham defendant whose presence in the case destroys diversity"). "Parties may not expand federal jurisdiction beyond its statutory boundaries by using fraudulent joinder-based removal as a replacement for a state court demurrer." *Lizari v. CVS Pharmacy Inc.*, 2011 WL 223806, at *3 (C.D. Cal. Jan. 20, 2011).

Accordingly, the Court concludes that the Individual Defendants were not fraudulently joined, and, as a result, this Court lacks diversity jurisdiction.

## IV.   Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**, and this action is **REMANDED** to Los Angeles County Superior Court. Defendant McLane/Suneast, Inc.'s Motion to Dismiss and/or Strike Portions of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(f) and Defendant McLane Company, Inc.'s Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction are **DENIED without prejudice**.

IT IS SO ORDERED.